# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                        Case No.  6:05-cr-131-Orl-19KRS

**C. KEITH LAMONDA**
**JESSE W. LAMONDA**
**JOHN L. MAYNARD,**

   **Defendants.**

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:** C. KEITH LAMONDA'S MOTION TO STRIKE THE EXPERT REPORTS OF PLAINTIFF'S EXPERT WITNESSES, ROBERT COMBS AND ROBERT A. PRENTISS, FOR FAILURE TO COMPLY WITH FED. R. CRIM. P. 16 AND THIS COURT'S DECEMBER 14, 1005, ORDER (DKT. 140), OR, IN THE ALTERNATIVE, C. KEITH LAMONDA'S MOTION TO PRECLUDE THE EXPERT REPORTS AND TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES COMBS AND PRENTISS, PURSUANT TO FED. R. EVID. 702 (*DAUBERT* MOTION) (Doc. No. 175)
>
> **FILED:**  February 24, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

By order dated December 14, 2006, pursuant to the agreement of counsel, the Court required the United States and each defendant to serve written reports of their respective expert witnesses as required by Federal Rule of Criminal Procedure 16.  Doc. No. 140.  Defendant C. Keith Lamonda asks

the Court to strike the reports of government experts Robert Combs and Robert A. Prentiss, and presumably also to preclude these witnesses from testifying, because the reports were not timely disclosed and did not comply with the requirements of Rule 16(a)(1)(G). Alternatively, Defendant LaMonda seeks to preclude the witnesses from testifying pursuant to the Court's gatekeeping authority established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The United States opposes the motion.

**I.      APPLICABLE LAW.**

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure reads in relevant part as follows:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The advisory committee notes to this rule state that the summary of the bases and reasons for the expert's opinion "should cover not only written and oral reports, test, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." Fed. R. Crim. P. 16(a)(1)(E) Advisory Committee Notes, 1993 Amendments.[1]

As one judge has observed, "The *type* of information that must be disclosed under this Rule is . . . very clear. The *quantity* and *specificity* required of the disclosure, however, is less so." *United States v. Mehta*, 236 F. Supp. 2d 150, 155 (D. Mass. 2002). The United States Court of Appeals for the Eleventh Circuit does not appear to have addressed the issues of the quantity and specificity

---

[1] The expert disclosure requirement was originally contained in Rule 16(a)(1)(E).

required in an expert witness disclosure in a criminal case in any published opinions. The United States Court of Appeals for the Seventh Circuit has held that the quantity and specificity of disclosure varies depending on the context of the matter about which the expert will testify. *United States v. Jackson*, 51 F.3d 646, 651 (7th Cir. 1995). So, for example, in a drug trafficking case in which law enforcement officers would offer expert opinions about the methods used by drug traffickers, the court found that the government's disclosure that each of the experts would "'base their testimony of their years of training and experience in the area of drug investigations'" provided the "minimum notice" required under the Rule. *Id.* at 651. By comparison, in a check-kiting case, the United States furnished a transcript of the expert's testimony in another case in which the expert described his methodology and the bases he used for analyzing check-kiting, as well as the checks and summary charts the government intended to use in connection with the agent's testimony. The Seventh Circuit concluded that this disclosure "more than fulfilled" the government's obligations under Rule 16. *United States v. Yoon*, 128 F.3d 515, 526 (7th Cir. 1997).

If the government does not timely make proper disclosure of its experts, Rule 16(d)(2) provides that the Court may order that discovery be provided, prohibit a party from introducing the undisclosed evidence, or enter any other order that is just under the circumstances. Fed. R. Crim. P. 16(d)(2).

**III.   ANALYSIS.**

    *A.   Disclosure of Summary of Testimony of Robert Combs.*

By letter dated February 15, 2006, the United States notified the defendants that it intended to call Robert Combs, a revenue agent with the Internal Revenue Service (IRS), as an expert in income tax calculation and computation. Doc. No. 199-5. Counsel for the United States summarized

Combs's qualification in the letter and attached a copy of his curriculum vitae.  She provided a summary of Combs's testimony, as follows:

> It is Revenue Agent Combs'[s] opinion that the money that C. Keith LaMonda and John L. Maynard diverted form the viatical trust account and the premium reserve account in 1999 was income taxable to C. Keith LaMonda in 1999 because Mr. LaMonda exercised control and dominion over the money and because he derived a direct benefit from the monies.  In addition, based on his review of the documents, it is Mr. Combs'[s] opinion that the money diverted from ABC's operating account in 1998 was income taxable to Jennifer Grinstead (Lauer) in 1998 because she derived a direct benefit from the money.

Doc. No. 199-5.  Counsel also provided a list of documents that Combs examined in reaching this opinion.  *Id.*  In a letter dated February 23, 2006, the United States described additional documents that Combs reviewed and advised that Combs's opinion "will further be qualified by the testimony of witnesses provided at trial."  Doc. No. 199-4.

Defendant C. Keith LaMonda contends that the United States has not sufficiently disclosed the "bases and reasons" for Combs's opinion.  He contends that merely listing documents reviewed is an insufficient basis to explain the conclusion that he exercised control and dominion over money or that he or others derived a direct benefit from the money.

As reflected in the First Superseding Indictment, this case arises from an allegedly extensive scheme to defraud insurance companies, investors and the IRS.  As such, the context of the case supports the conclusion that the "bases and reasons" supporting Combs's opinion must be more than a statement of his opinion and a recitation of the documents he reviewed.  The bases and reasons must explain, at least in summary fashion, how Combs arrived at his opinion, including the methodology he used to reach his conclusions.  *Cf. Mehta*, 236 F. Supp. 2d at 153 (IRS revenue agent provided draft

charts and schedules setting forth results of IRS's analysis and described "'bank deposit method of proof'" the expert used to reach his conclusion).

Defendant LaMonda urges the Court to strike Combs's opinion, and presumably to preclude him from testifying, because the United States did not timely make the disclosure required by Rule 16(a)(1)(G). At this stage of the case, precluding the United States from relying upon Combs's testimony is too severe a sanction. Instead, the United States will be required to provide a supplemental disclosure of the bases and reasons supporting Combs's opinion to counsel for the defendants on or before April 10, 2006. If, after receiving the supplemental disclosure, counsel for Defendant C. Keith LaMonda believes that it is still insufficient or inadmissible under *Daubert*, he may file renewed motions to exclude Combs' testimony on or before April 17, 2006.

     *B.*     *Disclosure of Summary of Testimony of Robert Prentiss*.

By letter dated August 10, 2005, the United States notified the defendants that it intended to call Robert Prentiss, a senior attorney with the Florida Office of Insurance Regulation, "to provide expert testimony regarding viaticals, viatical settlements and terms associated with viatical settlements . . . [and] the nature of a viatical settlement, including the individuals and entities involved in a viatical settlement, the role that life expectancy determinations play in a viatical settlement and the roles of an escrow agent and trustee in a viatical settlement." Doc. No. 199-2.

In a subsequent letter dated October 5, 2005, the United States indicated that Prentiss would not render any expert opinion. Rather, he would "only provide testimony regarding the general background of the viatical industry which he has learned through his firsthand knowledge as an attorney involved in regulating the industry." Counsel for the United States provided the following examples of Prentiss's expected testimony:

> For example, he will provide testimony defining such industry terms as viator, viatical, life settlement, broker, sales agent, viatical settlement provider, life expectancy, purchaser, premiums, escrow, trust, beneficial and fractionalization. He will also explain the nature of a viatical transaction and the risks and potential returns associated with the investment.

Doc. No. 199-3.

Finally, by letter dated February 23, 2006, the United States indicated that it intended to call Prentiss as a rebuttal expert in the area of viatical regulations, compliance and licensing in the State of Florida. Counsel for the United States advised that Prentiss's opinion would be that Accelerated Benefits Corporation (ABC) "was not in compliance with Florida regulations and licensing requirements, based on his review of ABC's applications, audits, correspondence and other documents submitted to the Department of Insurance by ABC, the consent order, the documents and opinions leading to Florida's decision to revoke ABC's license, and testimony provided at trial." Doc. No. 199-4.

Defendant LaMonda contends that the United States did not timely disclose that Prentiss would be an expert witness. This argument is unavailing, because in the August 10, 2005, letter, counsel for the United States indicated that Prentiss would provide expert testimony. In the October 3, 2005, letter, counsel for the United States clarified that Prentiss would not offer an expert opinion, but would provide expert background information on viaticals, viatical settlements, and the terms associated with viatical settlements. The United States further complied with Rule 16(a)(1)(G) by disclosing Prentiss's qualifications and indicating that the bases and reasons supporting his testimony come from his firsthand knowledge as an attorney involved in regulating the insurance industry. This disclosure was

sufficient considering the extent of the expert testimony Prentiss would offer in the government's case-in-chief.

Defendant LaMonda also contends that the disclosure of Prentiss as a rebuttal expert was untimely and insufficient. Rule 16(a)(1)(G) requires the United States to disclose only expert testimony it intends to use in its case-in-chief. *See also United States v. Frazier*, 387 F.3d 1244, 1269 (11th Cir. 2004). Therefore, to the extent that Prentiss will provide an expert opinion only after the defendants present their respective cases-in-chief, assuming such rebuttal evidence is permitted by the Court, the United States was not required to disclose that rebuttal evidence.[2]

After consideration of this Order, if counsel for Defendant C. Keith LaMonda believes that a *Daubert* determination is necessary with respect to Prentiss's testimony, he may file a renewed motion to exclude Prentiss's testimony pursuant to *Daubert* on or before April 17, 2006.

## IV.   CONCLUSION.

It is **ORDERED** that the United States shall serve a summary of the bases and reasons supporting the expert opinion of Robert Combs upon counsel for the defendants on or before April 10, 2006. It is further **ORDERED** that any renewed *Daubert* motions, and any renewed motion to

---

[2] The order setting the deadlines for disclosure of expert witnesses provided a date "for filing motions related to the adequacy of expert witness reports or motions for leave to file [or] serve rebuttal or supplemental expert witness reports." Doc. No. 140. This order did not require the United States to provide a summary of the opinions of its rebuttal expert witnesses under Rule 16(a)(1)(G).

exclude the testimony of Robert Combs based on violation of Rule 16(a)(1)(G) and the Court's orders regarding expert witness disclosures, must be filed and served on or before April 17, 2006.

**DONE** and **ORDERED** in Orlando, Florida on this 29th day of March, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Attorney
Counsel for Defendants